IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-194-FL

| | | |
|---|---|---|
| EDWARD RAY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND RECOMMENDATION** |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

In this action, plaintiff Edward Ray Smith ("plaintiff") challenges the final decision of defendant Acting Commissioner of Social Security Nancy A. Berryhill ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") on the grounds that he is not disabled.[1] The case is before the court on plaintiff's motion to remand (D.E. 20) and the Commissioner's motion to remand (D.E. 24). The briefing on plaintiff's motion consisted of: plaintiff's supporting memorandum (D.E. 21) with exhibits; a supplemental exhibit (D.E. 22) from plaintiff; the Commissioner's response (D.E. 25) in opposition to the motion; and plaintiff's reply (D.E. 31). The briefing on the Commissioner's motion comprised: plaintiff's response (D.E. 30) in opposition to the motion; the Commissioner's supporting memorandum (D.E. 33); and plaintiff's reply (D.E. 37) to the Commissioner's memorandum. The motions were referred to the undersigned magistrate judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See* 15 June 2017 Text Ord.

---

[1] An administrative law judge ("ALJ") denied plaintiff's application in a decision dated 17 September 2015 (Transcript of Proceedings ("Tr.") 27-46). The Appeals Council denied review of the decision on 25 February 2016 after admitting additional evidence into the administrative record (*see* Tr. 9-14), thereby making the ALJ's decision the final decision of the Commissioner, *see* 20 C.F.R. § 404.981. Plaintiff appealed to this court on 25 April 2016. *See* Compl. (D.E. 1).

By her motion, the Commissioner seeks remand of this case pursuant to sentence four of 42 U.S.C. § 405(g) ("§ 405(g)"), but solely on the issue of whether plaintiff meets or medically equals Listing 12.05C on intellectual disability,[2] an issue on which the Commissioner concedes the ALJ erred. *See* Comm'r's Support. Mem. (D.E. 33) 26 § 6 ("In evaluating Mr. Smith's school records, the ALJ erroneously cited a Listing for evaluating child disability."). The Commissioner essentially seeks affirmance of her decision as to all other issues.

In his motion, plaintiff seeks remand of this case pursuant to sentence six of § 405(g) on the basis of additional evidence he submitted for the first time to this court and other evidence he submitted to the Appeals Council for the first time, but which he contends the Appeals Council did not properly consider.[3] However, plaintiff seeks sentence six remand only as an alternative to relief he sought in a separate, earlier-filed motion for judgment on the pleadings (D.E. 17)—namely, either reversal of the Commissioner's decision and the award of DIB to him, or remand of this case for rehearing on all issues pursuant to sentence four of § 405(g). Pl.'s Reply re Pl.'s Remand Mot. (D.E. 31) 3.[4]

---

[2] The listings consist of impairments, organized by major body systems, that are deemed sufficiently severe to prevent a person from doing any gainful activity. 20 C.F.R. § 404.1525(a); *see* 20 C.F.R. pt. 404, subpt. P, app. 1 (setting out listings). Therefore, if a claimant's impairments meet or medically equal a listing, that fact alone establishes that the claimant is disabled. *Id.* § 404.1520(d).

[3] With one exception, the documents are appended as attachments to the memorandum supporting plaintiff's motion for remand under sentence six (D.E. 21). The documents are identified as Attachments A, B, and D to I. While plaintiff also identifies in the index of attachments (D.E. 21-1) an Attachment C, no such document is attached, although a copy is included as Exhibit 22F in the administrative record. These documents are subsequently referred to herein as "Attach. ___."

[4] Plaintiff states:

> Plaintiff Edward Ray Smith submits that there is sufficient evidence for this Honorable Court to issue a Fully Favorable Decision for Plaintiff Smith pursuant to Plaintiff Smith's original Motion for Judgment Reversing or Remanding the Decision of the Commissioner [D.E. 17].
>
> In the alternative, Plaintiff Edward Ray Smith submits that there is sufficient evidence, also to remand the case pursuant to Sentence Four of 42 U.S.C. §405(g) of the Social Security Act.

Therefore, both parties are agreeable to a sentence four remand, albeit plaintiff on an alternative basis. Irrespective of plaintiff's position, the error by the ALJ in his determination on Listing 12.05C and the Commissioner's admission to the error alone warrant remand pursuant to sentence four.[5]

The issue then becomes the scope of the sentence four remand. The regulations under the Social Security Act, of course, reflect the well-founded policy that at the hearing level a claimant's claim is best resolved by a reasoned decision based on consideration of all the evidence the claimant presents in support of his claim and indicating the weight given all the probative evidence. *See, e.g., Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (holding that a "necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling" which "should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence"); 20 C.F.R. § 404.1520(a)(3) ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled."). There presently is no such decision.

The ALJ, of course, did not address the evidence presented by plaintiff for the first time in subsequent proceedings. While the Appeals Council considered and admitted into the administrative record various documents plaintiff submitted for the first time at the Appeals

---

> Furthermore, there is now this new additional evidence available as set forth, *supra*. which also serves as an alternative basis for Remand pursuant to Sentence Six.

Pl.'s Reply re Pl.'s Remand Mot. 3.

[5] In *Wilkins v. Sec'y Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991), the Fourth Circuit held that where the Appeals Council considers additional evidence before denying the claimant's request for review of the ALJ's decision, remand is required if the court concludes that the Commissioner's decision is not supported by substantial evidence based on the record as supplemented by the evidence submitted at the Appeals Council level. Here, the admitted error by the ALJ with respect to Listing 12.05C obviates application of the *Wilkins* test because remand is required on the basis of the error alone.

Council level,[6] the only explanation by the Appeals Council of its handling of these documents is that "this information does not provide a basis for changing the [ALJ's] decision." Tr. 10. This statement provides little, if any, insight into the Appeals Council's reasoning.[7]

Further, there has been no administrative evaluation of the evidence plaintiff submitted to this court for the first time—consultative examinations of plaintiff appended to his supporting memorandum as Attachments A (D.E. 21-2) and B (D.E. 21-3). While these documents postdate issuance of the ALJ's decision, records postdating a decision can shed light on a claimant's condition during the period of disability at issue depending upon, among other circumstances, the nature of the impairments at issue. *See Bird v. Comm'r of Social Security*, 699 F.3d 337, 340-41 (4th Cir. 2012).

Notably, the evidence presented by plaintiff since issuance of the ALJ's decision addresses matters beyond whether plaintiff's impairments meet or medically equal Listing 12.05C. Such documents include notes on plaintiff's office visits with family nurse practitioner Lauren Lancaster, FNP-C of Eastern Medical Associates on 21 October 2015 (Tr. 717-22 (included in Ex. 24F and Attach. F)) and 17 December 2015 records (Tr. 713-22 (included in Ex. 24F and Attach. F)), which are focused on plaintiff's asthma and other medical conditions. Among other documents are the report by physician Jolene Jean Gracia, D.O. (D.E. 21-2) on her 28 May 2016 consultative examination of plaintiff, which concerns primarily his asthma and chronic pain in his left arm and leg, and includes a statement on his functional capacity.

---

[6] Exs. 18E (Tr. 349-56; D.E. 21-5; Attach. E); 19E (Tr. 357-75; D.E. 21-4; Attach. D); 22F (Tr. 705-09; D.E. 22-5; Attach. C); 23F (Tr. 710-12; D.E. 21-7; Attach. G); 24F (Tr. 713-22; D.E. 21-6; Attach. F).

[7] Plaintiff submitted two additional documents to the Appeals Council which it declined to admit into the administrative record on the grounds that they relate to a time after the ALJ's decision and did not affect the decision about whether plaintiff was disabled beginning on or before the date of the ALJ's decision. Tr. 10. These two documents are D.E. 21-8 (Attach. H) and D.E. 21-9 (Attach. I).

4

The court concludes that the scope of the step-four remand is appropriately left unrestricted. The lack of restriction would permit preparation at the hearing level of a reasoned decision based on consideration of all the evidence plaintiff has presented in support of his claim and indicating the weight given all the probative evidence. Restriction as the Commissioner advocates cannot be justified in light of the post-ALJ decision evidence plaintiff has adduced, particularly in light of the court's obligation to preserve and not to invade the fact-finding function of the Commissioner. *See Felts v. Astrue*, No. 1:11CV00054, 2012 WL 1836280, at *1 (W.D. Va. 19 May 2012).

The portion of the Commissioner's motion for a sentence four remand should accordingly be allowed, but the motion should otherwise be denied. The sentence-four remand would moot plaintiff's motion for remand pursuant to sentence six. *See Brown v. Colvin*, No. 7:14-CV-283-D, 2015 WL 7307320, at *8 (E.D.N.C. 27 Oct. 2015), *mem. & recomm. adopted,* 2015 WL 7306453 (19 Nov. 2015).

For the foregoing reasons, IT IS RECOMMENDED as follows:

1. The Commissioner's motion (D.E. 24) for a remand pursuant to sentence four of § 405(g) be ALLOWED IN PART and DENIED IN PART.

2. This case be remanded pursuant to sentence four of § 405(g) for a new hearing on all issues presented by plaintiff's DIB claim and at which plaintiff may submit all the evidence presented for the first time to the Appeals Council and this court not already admitted into the administrative record.

3. Plaintiff's motion (D.E. 20) for remand pursuant to sentence six be DENIED AS MOOT.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until 1 September 2017 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Any response to objections shall be filed within 7 days after filing of the objections.

This 18th day of August 2017.

_____
James E. Gates
United States Magistrate Judge