IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-194-FL

| | |
|---|---|
| EDWARD RAY SMITH, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| ANDREW SAUL,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

This case, an appeal from a denial of disability and disability insurance, comes before the court on the motion (D.E. 43) by plaintiff Edward Ray Smith ("plaintiff") for recovery of attorney's fees and expenses[1] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant Commissioner of Social Security ("Commissioner") opposes the amount requested by plaintiff for EAJA fees and expenses. *See* D.E. 45.

Here, by order entered 5 September 2017 (D.E. 39), the court allowed the Commissioner's consent motion to remand in part and directed that the case be remanded for further administrative proceedings pursuant to sentence four of § 405(g). Plaintiff timely filed his motion for fees and costs, as required by 28 U.S.C. § 2412(d)(1)(B). The motion requests fees in the amount of $10,756.38 and expenses in the amount of $1,862.40. The fees represent 56.8[2] hours of attorney time over 2016 and 2017.

---

[1] "Expenses" as used in this Order includes items identified by plaintiff as "advances."

[2] The itemized time report filed by plaintiff as an attachment to her motion erroneously totals the time for 2016 as 34.2, instead of 34.1 hours, but the 34.1 figure was used to calculate the fees for 2016. *See* Time Rep. (comprising pp. 2-6 of D.E. 43-2). The page numbers cited for the Time Report are those assigned by the court's electronic CM/ECF filing system.

# DISCUSSION

**I.     EAJA**

Under the EAJA, a private litigant, as a prevailing party against the United States, is presumptively entitled to attorney's fees and costs unless the position of the United States was substantially justified or special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A). The relevant portion of the EAJA reads:

> [A] court shall award to a prevailing party other than the United States fees and other expenses in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA's applicability to Social Security appeals before the district court is well established. *See Guthrie v. Schweiker*, 718 F.2d 104, 107 (4th Cir. 1988). Litigants are considered "prevailing parties" under the EAJA "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Rhoten v. Bowen*, 854 F.2d 667, 669 (4th Cir. 1988). Fees and costs may be recovered, not only for work in the underlying litigation, but also for applications for fees and costs and proceedings on such applications. *See, e.g., Washington v. Barnhart*, 93 Fed. Appx. 630, 631 (5th Cir. 2004) (citing *Comm'r v. Jean*, 496 U.S. 154, 162 (1990)). In Social Security appellate litigation, a party obtaining a remand order under sentence four of 42 U.S.C. § 405(g) from a denial of benefits satisfies the prevailing party threshold. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Once a party establishes prevailing party status, the burden shifts to the Commissioner to demonstrate that his position in the underlying litigation was substantially justified. *Wilson v.*

*Barnhart*, No. 1:06cv62, 2006 WL 3455071, at *1 (W.D. Va. 30 Nov. 2006); *Purcell v. Barnhart*, No. 505-30, 2006 WL 2222681, at *1 (W.D. Va. 3 Aug. 2006). The Commissioner does not carry the entire weight of this burden because the district court retains discretion to find sua sponte "that the record before it demonstrates that substantial justification exists for a litigation position." *Campbell v. Bowen*, 800 F.2d 1247, 1249 (4th Cir. 1986). The substantial justification framework examines "from the totality of the circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993). "'[M]erits decisions in a litigation, whether intermediate or final . . . obviously must be taken into account both by a district court in deciding whether the Government's position, though ultimately rejected on the merits, was substantially justified, and by a court of appeals in later reviewing that decision for abuse of discretion.'" *Williams v. Saul*, No. 5:18-CV-214-FL, 2020 WL 391948, at *2 (E.D.N.C. 23 Jan. 2020) (quoting *EEOC v. Clay Printing Co.*, 13 F.3d 813, 815 (4th Cir. 1994)).

The amount of attorney's fees is determined by the "actual time expended" and the applicable hourly rate. 28 U.S.C. § 2412(d)(1)(B); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). But "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A cost of living adjustment is wholly discretionary on the part of the court. *See May v. Sullivan*, 936 F.2d 176, 178 (4th Cir. 1991); *accord Payne v. Sullivan*, 977 F.2d 900, 904 n.2 (4th Cir. 1992). In contrast, an increase on the

basis of "a special factor" has been defined as a very narrow exception by the courts. *See Pierce* 487 U.S. at 573.

The court has "'substantial discretion in fixing the amount of an EAJA award' . . . but is charged with the duty to ensure that the final award is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 254 (4th Cir. 2002) (quoting *Jean*, 496 U.S. at 163). The attorneys for a prevailing party should be paid "'for all time reasonably expended on a matter,'" but not given a windfall. *Id.* (quoting *Hensley*, 461 U.S. at 430 n.4). Factors the court should consider in determining a reasonable attorney's fee include the extent of the plaintiff's success and the statutory factors of the kind and quality of the services rendered. *Hyatt,* 315 F.3d at 254 (extent of success) (citing *Hensley*, 461 U.S. at 440).

The party claiming fees is required by the EAJA to submit an itemized statement stating the "actual time expended" and the applicable hourly rate. 28 U.S.C. § 2412(d)(1)(B). The claiming party also has the burden of establishing the reasonableness of the fee request through adequate documentation. *See, e.g., Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004).

## II. PLAINTIFF'S ENTITLEMENT TO FEES AND EXPENSES

The Commissioner does not dispute that plaintiff is a prevailing party, but does raise three objections to plaintiff's motion. First, he contends that his position was substantially justified and that, as a result, plaintiff's counsel is not entitled to EAJA fees for most of the time claimed. Comm'r's Mem. 3-6. Second, while the Commissioner does not object to plaintiff's attorney's hourly rates of $186.81 for work performed in 2016 and $192.40 for work performed in 2017, he contends that the number of hours claimed is excessive and that matters for which plaintiff's counsel claims payment are not properly compensable. *Id.* at 6-10. Third, he argues that the

4

expenses sought are excessive and unreasonable. *Id.* at 10-11. The court will address each contention in turn.

A.  **Substantial Justification**

To understand the Commissioner's contention on substantial justification, a review of the extended history of this case is necessary. Plaintiff filed a motion for judgment on the pleadings (D.E. 17) seeking to reverse or modify the ALJ's decision or, alternatively, to remand the case for rehearing pursuant to sentence four of § 405(g). Plaintiff supported his motion for judgment on the pleadings with a 29-page memorandum (D.E. 18) that alleged a number of errors by the ALJ. Plaintiff also filed an alternative motion to remand (D.E. 20) pursuant to sentence six of § 405(g) on the basis of evidence he submitted for the first time to the court and other evidence submitted for the first time to the Appeals Council, which he contended it did not properly consider. Plaintiff supported the alternative motion with a 13-page memorandum (D.E. 21).

In response, the Commissioner filed a motion to remand (D.E. 24) on an unrestricted basis pursuant to sentence four. There was no supporting memorandum. Prior to filing, the Commissioner sought consent for the remand from plaintiff's counsel, but was unable to obtain it. *See* Comm'r's Remand Mot. 1. The Commissioner also separately filed a response (D.E. 25) in opposition to plaintiff's motion to remand pursuant to sentence six.

Plaintiff filed a response to the Commissioner's motion to remand, arguing that the Commissioner's failure to address each point raised in plaintiff's motion for judgment on the pleadings, including plaintiff's request for reversal, warranted a finding of disability and the award of benefits. Pl.'s Resp. to Comm'r's Remand Mot. (D.E. 30) at 1-2. Plaintiff also filed a reply (D.E. 31) to the Commissioner's response to his motion to remand pursuant to sentence six.

With leave of court, the Commissioner filed a memorandum (D.E. 33) in support of his motion to remand that addressed the matters raised in plaintiff's motion for judgment on the pleadings. In it, the Commissioner argued for remand solely on the one issue that the Commissioner conceded the ALJ erred in assessing, rather than on an unrestricted basis as sought in his remand motion. *See* Comm'r's Mem. Support. Remand Mot. 26. Plaintiff then filed a motion (D.E. 35) for extension of time to file a response to the Commissioner's memorandum on remand, which was allowed (*see* D.E. 36). Plaintiff filed a response (D.E. 37) arguing that the Commissioner should be estopped from opposing reversal because he failed to oppose it in his motion to remand.

The court concluded that an unrestricted remand was appropriate. *See* Mem. & Recomm. ("M&R") (D.E. 38) 5; Ord. Adopting M&R (D.E. 39) 1. The court accordingly allowed in part and denied in part the Commissioner's motion to remand pursuant to sentence four—namely, it ordered the remand, but denied the Commissioner's request in the memorandum supporting the motion that the remand be restricted. The court also denied as moot plaintiff's alternative motion to remand pursuant to sentence six and motion for judgment on the pleadings. *See* M&R 5; Order Adopting M&R 1.

As noted, in assessing whether the Commissioner's position is substantially justified, the court must consider the totality of the circumstances to determine if the Commissioner acted reasonably. *See Roanoke River Basin Ass'n,* 991 F.2d at 139; *Quinones v. Saul*, No. 1L18-3561-BHH, 2020 WL 1434948, at *1 (D.S.C. 24 Mar. 2020) ("The substantial justification test is one of reasonableness in law and fact.").

The court agrees with the Commissioner that he was substantially justified in filing the motion to remand on an unrestricted basis and taking the positions he did in the litigation

subsequent to the filing of that motion. The Commissioner's motion to remand on an unrestricted basis was reasonable, as were his later submissions that were necessitated by plaintiff's pursuit of reversal and/or sentence six remand. Though the Commissioner's request for a restricted remand, made in his later filed memorandum in support of his remand motion, was not ultimately accepted by the court, it was well reasoned, well supported, and was a reasonable stance for the Commissioner to advance. Overall, the Commissioner's position was justified in substance and ultimately largely accepted by the court.

Accordingly, having found the Commissioner's position to be substantially justified in filing its motion to remand, the court denies the portion of plaintiff's motion seeking fees incurred after the date on which the motion was filed.[3] The court will deduct from its award the time entries for the post-remand motion work. This deduction totals 13.0 hours, all incurred in 2017, totaling $2,501.20. The remainder of the time sought by plaintiff's attorney—the time spent litigating prior to the Commissioner's motion to remand and the time spent on the instant motion—is not excludable from the award to plaintiff's counsel on the ground that the Commissioner's position was substantially justified.

### B. Amount of Time Claimed

One portion of the attorney time claimed by plaintiff that the Commissioner argues is excessive is the time spent following the filing of the Commissioner's motion to remand. The Commissioner argues that this time is excessive because plaintiff had at that point achieved partial success in the litigation. The court's determination that as of the filing of his motion to remand the position of the Commissioner was substantially justified moots this contention because, based

---

[3] There is a two-week period between the date on which the Commissioner filed his motion to remand and the next time entry by plaintiff's counsel. *See* Time Rep. 4. Therefore, plaintiff's counsel had ample time to consider the remand motion before doing further work, particularly since, as indicated, the Commissioner conferred with plaintiff's counsel about the remand motion before filing it.

7

on that determination, the court has already excluded from the fee award the time challenged in this contention.

Similarly, the Commissioner contends that the time spent on plaintiff's motion for extension of time to file a response to the Commissioner's memorandum on remand should be excluded. Again, though, that time has already been excluded from the award based on the substantial justification of the Commissioner's position as of the filing of his motion to remand.

Finally, the Commissioner argues that plaintiff's inclusion of time entries reflecting seemingly administrative tasks and excessive time for legal tasks warrants denial of the fee request. While the court cannot permit recovery of a claim for hours that are excessive, redundant, or unnecessary, here, plaintiff's request, as reduced based on the substantial justification of the Commissioner's position as of the filing of his motion to remand, does not exceed the typical range of compensated hours in similar cases, particularly given the number of issues raised. *See Gibson v. Colvin*, No. 7:13-CV-62-BO, 2015 WL 728251, at *2 (E.D.N.C. 19 Feb. 2015) (noting that "plaintiff's invoice for 46.3 hours is not much greater than the typical range of compensated hours in social security disability litigation despite the incredibly lengthy record").

Specifically, the court calculates the amount of fees due to be $8,236.50, reflecting 34.1 hours of work done in 2016 at an hourly rate of $186.81 and 9.7 hours of work done in 2017 at an hourly rate of $192.40. This amount is "well within the heartland of recent attorney's fees awarded by this Court." *Id.*

**C.     Expenses**

The Commissioner challenges as excessive plaintiff's claims for $1,254.60 in photocopy expenses, $72.15 in postage, and $84.00 in facsimile costs. The court agrees that these expenses appear excessive on their face and plaintiff has not provided information sufficient to evaluate

their reasonableness, as it was his burden to do. The claims for these expenses are therefore denied. *See Sloan v. Colvin*, No. 5:12-CV-388-D, 2013 WL 5674989, at *2 (E.D.N.C. Oct. 17, 2013) (denying recovery of expenses for photocopying charges). The court finds awardable the remaining expenses, which are in the amount of $451.65.

## CONCLUSION

For the foregoing reasons, it is ORDERED that plaintiff's motion (D.E. 43) is ALLOWED on the following terms:

1.  The Commissioner shall pay $8,236.50 in attorney's fees and $451.65 in expenses, equalling a total of $8,688.15, associated with this case in full satisfaction of any and all claims arising under the EAJA.

2.  Provided that the award to plaintiff is not subject to the Treasury Offset Program ("Program"), payment shall be made by check payable to plaintiff's counsel, Cynthia M. Currin, Esq., and mailed to her at the following address pursuant to plaintiff's assignment to his attorney of his right to payment of attorney's fees under the EAJA:

    Cynthia M. Currin, Esq.
    4010 Barrett Drive, Suite 205
    Raleigh, NC 27609-6622

3.  If the award is subject to the Program, the balance shall be mailed to Attorney Currin at the above address and the check made payable to her if allowed by the Program.

This 7th day of April 2020.

_____
James E. Gates
United States Magistrate Judge